# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

PRIORITY RECORDS LLC, a
California limited liability company;
ARISTA RECORDS LLC, a Delaware
limited liability company; SONY BMG
MUSIC ENTERTAINMENT, a
Delaware general partnership; and UMG
RECORDINGS, INC., a Delaware
corporation,

    Plaintiffs,

vs.

SHAWN GREER,

    Defendant.

No. C04-2072-LRR

**ORDER**

_____

**TABLE OF CONTENTS**

I.  FACTUAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  LEGAL ANALYSIS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    A.  Entry of Default . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    B.  Default Judgment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    C.  Permanent Injunction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

III.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

This matter comes before the court pursuant to Plaintiffs' Renewed Motion for Default Judgment against Defendant Shawn Greer (docket no. 15).

## *I. FACTUAL BACKGROUND*

On October 26, 2004, Plaintiffs filed this suit against Defendant seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, 17 U.S.C. § 101 *et seq.* (the "Copyright Act"). Plaintiffs allege in their Complaint

they are, and at all relevant times have been, the copyright owners or licensees of exclusive rights under United States copyright laws with respect to certain copyrighted sound recordings. The copyrighted sound recordings to which Plaintiffs own copyrights protected under the Copyright Act are set forth on <u>Exhibit A</u> attached hereto. Plaintiffs also allege they hold exclusive rights under the Copyright Act to reproduce and distribute these copyrighted sound recordings to the public. Plaintiffs further allege they have been informed and believe that Defendant, without Plaintiffs' permission or consent, has used and continues to use an online media distribution system to download the copyrighted recordings, to distribute the copyrighted recordings to the public and/or to make the copyrighted recordings available for distribution to others. In doing these things, Plaintiffs allege Defendant has violated Plaintiffs' exclusive rights of reproduction and distribution, and, therefore, Defendant's actions constitute infringement of Plaintiffs' copyrights and of their exclusive rights under such copyrights. Plaintiffs aver, as a result of Defendant's infringement of Plaintiffs' copyrights and exclusive rights under such copyrights, they are entitled to statutory damages pursuant to 17 U.S.C. § 504(c) for Defendant's infringement of each of the copyrighted recordings and costs pursuant to 17 U.S.C. § 505.

Defendant did not file an answer to Plaintiffs' Complaint or any other responsive pleading.

On January 31, 2005, Plaintiffs filed a motion for entry of default against Defendant. Such motion was filed pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. On February 1, 2005, the Clerk of Court for the United States District Court for the Northern District of Iowa filed an entry of default as to Defendant. Such motion was filed pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. Defendant did not respond to Plaintiffs' motion for entry of default, nor has he responded in any way to the Clerk of Court's entry of default. On February 28, 2005, Plaintiffs filed a motion seeking a default judgment against Defendant. Defendant did not resist the motion. On April 21, 2005, the

court denied Plaintiffs' motion for default judgment because the Summons, Complaint, and Statement of Interest were served on Defendant by leaving copies with the manager of his apartment complex and by mailing the documents to Defendant's last known address. While service in such manner is permitted by Iowa Rule of Civil Procedure 1.305 and Federal Rule of Civil Procedure 4(e)(1), the court was hesitant to enter a default judgment against Defendant without ensuring Defendant was personally served with copies of the documents. Therefore, the court ordered Plaintiffs to serve a copy of its Order Regarding Plaintiffs' Motion for Default Judgment on Defendant by delivering it to his "dwelling house or usual place of abode with some person of suitable age and discretion then residing therein," pursuant to Federal Rule of Civil Procedure 4(e)(2). Defendant was given ten days following service to appear and show cause as to why default judgment should not be entered against him pursuant to Federal Rule of Civil Procedure 55(b)(2). The court stated if Defendant did not appear, it will be proper for the court to assume Defendant has received all of the documents served on him in this case and has chosen not to respond. The court indicated it would be amenable to the filing of a renewed motion for default judgment by Plaintiffs in that instance.

On May 3, 2005, Plaintiffs filed a Return of Service showing personal service on Defendant was attempted on five occasions. The Return of Service also stated that on April 27, 2005, Defendant's sister was served with copies of the Order Denying Default Judgment, Plaintiffs' Motion for Default Judgment against Defendant Shawn Greer, the Notice of Entry of Default by Clerk, the Request to Enter Default, and the Default Entry on Shawn Greer. At the time of service, Defendant was not home, but the woman who answered the door indicated she was Defendant's sister and shared the apartment with Defendant.

In order to comply with the court's prior Order, Defendant must have appeared on or before May 11, 2005.[1] As of the date of this Order, Defendant has not appeared in this case.

On July 21, 2005, Plaintiffs filed the instant Renewed Motion for Default Judgment against Defendant Shawn Greer. In such motion, Plaintiffs seek entry of default judgment against Defendant as well as a permanent injunction preventing Defendant from infringing on Plaintiffs' copyrights and ordering Defendant to destroy all illegal copies of copyrighted material now in Defendant's possession. The motion has not been resisted. Therefore, the court turns to consider its merits.

## II. LEGAL ANALYSIS

### A. Entry of Default

As an initial matter, the court notes that an entry of default is a prerequisite to a default judgment under Federal Rule of Civil Procedure 55 ("Rule 55"). Rule 55 provides for default as follows:

> (a) Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.
>
> (b) Judgment. Judgment by default may be entered [in circumstances not present here, by the clerk, and in all other cases by the court].

Fed. R. Civ. P. 55.

---

[1] Pursuant to Federal Rule of Civil Procedure 6(a), "[w]hen the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation."

By its terms, Rule 55 requires two steps before entry of a default judgment. First, pursuant to Rule 55(a), the party seeking a default judgment must have the clerk enter the default by submitting the required proof that the opposing party has failed to plead or otherwise defend. The clerk's record should contain a notation to that effect. The default notation is an interlocutory action; it is not itself a judgment.

As previously noted, the Clerk of Court for the United States District Court for the Northern District of Iowa filed an entry of default in this case on February 1, 2005 (docket no. 8). Thus, Plaintiffs have completed the first step in the process of obtaining a default judgment against Defendant. The court therefore will consider whether it is appropriate in this case to enter a default judgment against Defendant.

### *B. Default Judgment*

The second and final step before entry of a default judgment requires a plaintiff to request or apply for a default judgment pursuant to Rule 55(b). Under that subsection, the moving party may seek entry of judgment on the default under either subsection (b)(1) or (b)(2). The judgment envisioned by Rule 55(b) is the final judgment in the case, not merely an interlocutory order designed to lead, after a hearing, to a final judgment. The judgment by default involves final judicial action and is a final judgment for all purposes as between the parties and those in privity with them. *See, e.g., Henry v. Tri-Servs., Inc.*, 33 F.3d 931, 932 (8th Cir. 1994) (describing entry of default judgment in that case as following entry of default by clerk); *Pinaud v. County of Suffolk*, 52 F.3d 1139, 1152 n.11 (2d Cir. 1995) (distinguishing between the first step, entry of default, and the second, entry of default judgment).

The entry of a default judgment is a matter in the trial court's discretion. *Swink v. City of Pagedale,* 810 F.2d 791, 792 (8th Cir. 1987). There is a strong public policy, supported by concepts of fundamental fairness, in favor of trial on the merits, *see, e.g., Jackson v. Beech,* 636 F.2d 831, 835 (D.C. Cir. 1980), particularly when the monetary

5

damages sought are substantial, *see, e.g., Swink,* 810 F.2d at 792 n.2 (citing 10 Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 2693, at 482-85 (2d ed. 1983)). The Eighth Circuit Court of Appeals consistently adheres to the strong judicial policy against default judgments. *Oberstar v. Fed. Deposit Ins. Corp.,* 987 F.2d 494, 503-04 (8th Cir. 1993) (citing *Marshall v. Boyd,* 658 F.2d 552, 554 (8th Cir. 1981), and noting that this judicial preference for adjudication on the merits "goes to the fundamental fairness of the adjudicatory process"); *United States v. Harre,* 983 F.2d 128, 130 (8th Cir. 1993) ("Default judgments are . . . not favored by the law."). The Eighth Circuit Court of Appeals also finds it inappropriate to grant default judgment for "a marginal failure to comply with the time requirements." *Oberstar,* 987 F.2d at 503; *Harre,* 983 F.2d at 129-30. Furthermore, entry of judgment by default is a drastic remedy which should be used only in extreme situations. *See Everyday Learning Corp. v. Larson,* 242 F.3d 815, 818 (8th Cir. 2001) (referring to default judgments and dismissals as "extreme sanctions"). In the final analysis, default judgments are not favored in the law, and the entry of such a judgment is appropriate only where there has been a clear record of delay or contumacious conduct. *Harre,* 983 F.2d at 130; *Taylor v. City of Ballwin, Mo.,* 859 F.2d 1330, 1332 (8th Cir. 1988). Any doubts as to whether a party is in default should be decided in favor of the defaulting party. Wright et al., *Federal Practice and Procedure* § 2681, at 402-03.

In this case, Plaintiffs seek a default judgment against Defendant due to his failure to file an answer to their Complaint, and his failure to respond in any way to the Clerk of Court's February 1, 2005 entry of default and to this court's April 21, 2005 Order denying Plaintiffs' motion for default judgment. Defendant has not appeared or otherwise participated in this lawsuit since the Complaint was filed on October 28, 2004. This indicates to the court that, even in light of a court order, Defendant does not desire to contest the action. The court has no doubt as to whether Defendant is in default.

6

Therefore, the court finds this one of the rare occasions on which an entry of default judgment is appropriate.

Rule 55 provides, in part:

> (1) **By the Clerk.** When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person.

Fed. R. Civ. P. 55(b)(1).[2]

In this case, Plaintiffs' claim against Defendant is for a sum certain: the minimum statutorily authorized damages provided by the Copyright Act for each of the seven infringements. *See* 17 U.S.C. § 504(c)(1) ("Except as provided by clause (2) of this subsection, the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually . . . in a sum of not less than $750 or more than $30,000 as the court considers just. For the purposes of this subsection, all the parts of a compilation or derivative work constitute one work."). Thus, Plaintiffs seek damages in the amount of $750 per work, for a total of $5,250.00. Plaintiffs also request costs in the amount of $185.00. *See* Fed. R. Civ. P. 55(b)(1) (stating the default judgment shall include the costs of the action); 17 U.S.C. § 505 (giving the court discretion to award or tax costs to any party other than the United States in a civil action involving the Copyright Act). The court

---

[2] Although the Clerk of Court is authorized to enter default judgment in this case, the court opted to enter the judgment through this Order, due to the other issues presented.

finds the damages and costs are appropriate and awards such amounts requested by Plaintiffs.

### C. Permanent Injunction

Finally, Plaintiffs seek a permanent injunction against Defendant. The court finds a permanent injunction is appropriate in this instance. The Copyright Act provides, "[a]ny court having jurisdiction of a civil action arising under this title may, subject to the provisions of section 1498 of title 28, grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). "To determine whether permanent injunctive relief [under the Copyright Act] is warranted, [the court] balance[s] three factors: (1) the threat of irreparable harm to the moving party; (2) the balance of harm between this harm and the harm suffered by the nonmoving party if the injunction is granted; and (3) the public interest." *Taylor Corp. v. Four Seasons Greetings, LLC*, 403 F.3d 958, 967 (8th Cir. 2005). Regarding the first factor, the court finds Plaintiffs will suffer irreparable harm from the infringement of their copyrights if the court does not enjoin Defendant from future infringing activity. Regarding the second factor, the court finds Defendant will not be harmed by granting the injunction: there is no evidence Defendant was involved in creating the copyrighted works or had any proprietary interest in the works. Rather, it is clear Defendant unlawfully infringed Plaintiffs' copyrights and it cannot seriously be disputed that enjoining Defendant from doing so will harm Defendant. Thus, the balance of harms weighs in favor of granting the permanent injunction. With regard to the third factor, the Eighth Circuit Court of Appeals has stated:

> Injunctions regularly are issued pursuant to the mandate of section 502, because the "public interest is the interest in upholding copyright protections." *Autoskill, Inc. v. Nat'l Educ. Support Sys., Inc.*, 994 F.2d 1476, 1499 (10th Cir. 1993). "Since Congress has elected to grant certain exclusive rights to the owner of a copyright in a protected work, it is virtually

> axiomatic that the public interest can only be served by upholding copyright protections and, correspondingly, preventing the misappropriation of the skills, creative energies, and resources which are invested in the protected work." *Apple Computer, Inc. v. Franklin Computer Corp.*, 714 F.2d 1240, 1254-55 (3d Cir. 1983) (quoting *Klitzner Indus., Inc. v. H.K. James & Co.*, 535 F. Supp. 1249, 1259-60 (E.D. Pa. 1982)). We believe the permanent injunction in this case will not harm the public interest, but rather, serve it.

*Id.* at 968. The court agrees with the Eighth Circuit Court of Appeals' analysis of the public interest. Therefore, all three factors weigh in favor of granting the permanent injunction as Plaintiffs request.

### III. CONCLUSION

In light of the foregoing, IT IS ORDERED:

(1) Plaintiffs' Renewed Motion for Default Judgment against Defendant Shawn Greer (docket no. 15) is GRANTED.

(2) Defendant is permanently enjoined as follows: Defendant is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the copyrighted sound recordings listed in Exhibit A to this Order or in any other sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) (hereinafter "Plaintiffs' recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' recordings, to distribute (i.e., upload) any of Plaintiffs' recordings, or to make any of Plaintiffs' recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall

9

destroy all copies of those downloaded recordings transferred onto any physical medium or device (i.e., compact disc) in Defendant's possession, custody, or control.

(3) The court awards damages to Plaintiff in the amount of $5,250.00 and costs in the amount of $185.00.

(4) The Clerk of Court shall send a copy of this Order to Defendant by United States mail.

**SO ORDERED.**

**DATED** this 10th day of August, 2005.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

**Copies mailed on:** 08.10.05  mem

**to counsel of record or pro se parties as shown on docket and other parties listed here:**

# EXHIBIT A

| Copyright Owner | Artist | Recording Title | Album Title |
|---|---|---|---|
| Arista Records LLC | Whitney Houston | My Love is Your Love | My Love is Your Love |
| Arista Records LLC | Whitney Houston | All at Once | Whitney Houston |
| Priority Records LLC | Lil' Romeo | The Girlies | Lil' Romeo |
| Sony BMG Music Entertainment | Jennifer Lopez | Play | J. Lo |
| Sony BMG Music Entertainment | Destiny's Child | Dangerously in Love | Survivor |
| Sony BMG Music Entertainment | Michael Jackson | Billie Jean | Thriller |
| UMG Recordings, Inc. | DMX | What's My Name? | … And Then There Was X |